FILED
SUPERIOR COURT
OF GUAM

2022 OCT 24 AM 10: 52

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ASSOCIATION FOR THE APARTMENT OWNERS OF THE CLIFF,<br><br>Plaintiff,<br><br>vs.<br><br>MANUEL I. CONCEPCION, NATIONAL UNION FIRE INSURANCE CO., OF PITTSBURGH, PA. and DOES 1-10, INCLUSIVE<br><br>Defendants. | Superior Court Case No. **CV0148-22**<br><br><br>**DECISION AND ORDER RE MOTION TO DISMISS COUNTERCLAIM AND MOTION TO STRIKE AFFIRMATIVE DEFENSES** |

In this partition action, the Court reviews whether to dismiss or strike affirmative defenses and counterclaims raised by Defendant Manuel I. Concepcion. The Court determines that Concepcion's counterclaim is subject to dismissal as it was a compulsory counterclaim in a related case, CV0287-19. Further, the Court finds that all but one affirmative defense has been sufficiently pled and STRIKES the insufficiently pled affirmative defense.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.  CV0287-19

In 2019, the Association filed CV0287-19 against Concepcion and Anna Marie Cruz for breach of the obligation to pay homeowners' association (HOA) assessments for Apartment No. 303--a unit they own as tenants in common at The Cliff Apartments. Two years later, the Association dismissed all claims against Cruz. CV0287-19 (Stip. Dismiss with Prej. & Order (Mar. 30, 2021)). The case remains active against Concepcion only, and a summary judgment motion filed by the Association is pending. In that motion, the Association contends that



Concepcion failed to respond to certain discovery requests and that he has admitted to breaching his obligation to pay the assessments and is liable for all such assessments. CV0287-19 (Pl.'s Mot. Summ. J. (Dec. 14, 2020)).

### B. CV0148-22

In March 2022, the Association filed this lawsuit against Concepcion and National Union for the partition of Apartment No. 303. The Association alleges that it has obtained Cruz's former 50% interest in the property. Compl. ¶ 8, Ex. A (Mar. 17, 2022).

Concepcion filed an Answer and listed the following "Affirmative Defenses," among others: (1) failure to state a claim; (2) laches; (3) entitlement to a setoff; (4) failure to give notice of a settlement against a joint tortfeasor, thereby prohibiting a collection against Concepcion; (5) equitable estoppel; (6) unclean hands; (7) unconscionability; and (8) lack of standing and fraud. Answer at 3-4 (May 2, 2022).

Concepcion also filed a counterclaim against Individual Does 1-10. He claims that those persons or entities purporting to act as the Association are frauds and lack standing. Further, Concepcion alleges that the entities purporting to act as the Association wrongfully attempted to collect money from him. Answer at 5-6. Finally, he seeks an award of exemplary damages. Answer at 6.

The Association moves to strike the affirmative defenses and dismiss the Counterclaim as well as Concepcion's request for punitive damages.

## II.   LAW AND DISCUSSION

### A. Motion to Strike Affirmative Defenses

#### 1. Standard for a Motion to Strike

Under Guam Rule of Civil Procedure 12(f), the Court may strike any matter that contains an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Guam

Rule of Civil Procedure 12(f) is identical to Federal Rule of Civil Procedure 12(f); therefore, the Court can look to the federal rule for additional guidance. *Hallers v. Young*, CV0299-19, at 3 (Super. Ct. Guam Sept. 3, 2019); *Benavente v. Taitano*, 2006 Guam 15 ¶ 48. A Rule 12(f) motion aims to "avoid unnecessary expenditures of time and money that arise throughout litigation by eliminating spurious issues prior to trial." *Ukau v. Wang*, 2012 WL 1503325, at *1–2 (D. Guam). However, Rule 12(f) motions are "disfavored and infrequently granted…unless it is clear that the matter to be stricken would have no possible bearing on the subject matter of the litigation." *Id.* (internal quotes omitted).

## 2. Affirmative Defense No. 1 (Failure to State a Claim)

Concepcion states as an affirmative defense that the Association failed to state a claim for relief. The Association correctly contends that this does not qualify as an affirmative defense. *See Satanic Temple, Inc. v. City of Scottsdale*, 423 F. Supp. 3d 766, 778 (D. Ariz. 2019) (striking affirmative defense because "[c]ourts generally hold that failure to state a claim is not an affirmative defense."). Moreover, because Concepcion filed an Answer rather than moved to dismiss the Complaint for its failure to state a claim for relief, he waived this argument. *See* GRCP 12(b) ("A motion making any of these defenses shall be made before pleading if a further pleading is permitted."). The Court therefore STRIKES the First Affirmative Defense.

## 3. Affirmative Defense Nos. 2 (Laches), 5 (Equitable Estoppel), 6 (Unclean Hands), 7 (Unconscionability), and 8 (Lack of Standing and Fraud)

Citing federal law, the Association contends that Concepcion must supply fair notice of sufficient facts in any asserted affirmative defense and that he failed to do so for his specified affirmative defenses of laches, equitable estoppel, unclean hands, unconscionability, and lack of standing and fraud. In response, Concepcion asserts that the Guam Supreme Court has rejected a heightened standard for pleadings. Moreover, he argues that he complied with Rule 8(b) which

states that a defense shall be stated in short and plain terms, and 8(c), which indicates that affirmative defenses shall be set forth in a pleading.

In *M-Elec. Corp. v. Phil-Gets (Guam) Int'l Trading Corp.*, 2016 Guam 35, the Guam Supreme Court determined that an affirmative defense need not be pleaded in specific terms. Instead, a court may examine the totality of the circumstances and make a practical, common sense assessment about whether Rule 8(c)'s core purpose of protecting against surprise and unfit prejudice has been served.

Concepcion's affirmative defenses of laches, equitable estoppel, unclean hands, unconscionably, and lack of standing are all pleaded in specific terms and therefore meet the test provided in *M-Electric Corp.* Having notice of such defenses, the Association cannot claim unfair surprise or lack of notice. The Motion to strike these affirmative defenses is therefore DENIED.

### 4. Affirmative Defense No. 3 (Entitlement to a Setoff)

Concepcion lists as an affirmative defense that "to the extent that the allegation[s] [of] the Complaint state a cause of action, Concepcion is entitled to the relief for his counterclaim, and such must be set-off against any relief sought by Plaintiff." Answer at 3. The Association moves to strike this affirmative defense because there is no mutuality of debt—the Association does not owe any debt to Concepcion, and Concepcion has an unliquidated debt that cannot be set off. *See* Mot. at 16-17 (May 23, 2022) (citing *Waathdad v. Cyfred Ltd.*, 2021 Guam 24). Concepcion seems to admit he has an unliquidated claim against the Association but asks that he be allowed to amend his Answer.

> A Rule 12(f) motion is not to be granted
>
> unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense. Moreover, even when the facts are not disputed, several courts have noted that a motion to strike for

insufficiency was never intended to furnish an opportunity for the determination of disputed and substantial questions of law. This is particularly so when, as here, there has been no significant discovery.

*E.E.O.C. v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004). In this case, the Association's argument references facts about the non-mutuality of debts--facts not yet established in this phase of the case. Despite Concepcion's admission that he has unliquidated claims against the Association, Rule 12(f) does not necessarily provide the authority to dispose of a defense even when the facts are undisputed. The Court, therefore, DENIES the motion to strike the setoff affirmative defense and will allow the parties to establish a record for the Court's consideration of the sufficiency of the legal and factual issues.

### 5. Affirmative Defense No. 4 (Failure to Give Notice of a Settlement Against a Joint Tortfeasor, Thereby Prohibiting a Collection Against Concepcion)

Concepcion asserts the affirmative defense that "the obligations for which the claimed interest was taken were joint and indivisible debts of Concepcion and Cruz and as such the taking of title to any portion of the property from Cruz extinguished the debt." Answer at 3-4. Concepcion further contends that because the Association failed to give notice of a settlement against a joint tortfeasor, it is prohibited from collecting against Concepcion. Answer at 3.

The Association seeks to strike this affirmative defense on the grounds that Concepcion incorrectly asserts joint tortfeasor status and instead is alleged to be a co-obligor under an HPR contract. The Association also contends that the defense of "joint and indivisible debts" is not recognized under Guam law. Finally, the Association argues that this is a partition action and not a collection case, so the defense is legally insufficient.

Concepcion retorts that the Association derives its claim from the HPR statute and not a contract and is thereby bound by the provisions of that statute when it comes to pursuing a claim against one of two debtholders. Concepcion, however, fails to point to any particular provision

within the HPR statute that distinguishes why the treatment of Concepcion and Cruz as co-obligors differentiates from their treatment as joint tortfeasors.

For the same reasons discussed in the preceding section, it is difficult for the Court to render this defense insufficient at this phase of the case. The Association comes before this Court, not in its capacity as a homeowner's association seeking the payment of assessments but as a co-owner with Concepcion over the same unit. Nonetheless, how the Association acquired its interest from Cruz and what procedures it used relative to Cruz and Concepcion may still be relevant to, among other issues, the Association's underlying standing to file this action against Concepcion. On this basis, the Court cannot state with definitiveness that Concepcion has provided an insufficient defense meriting elimination at the pleadings stage.

## B. Motion to Dismiss Counterclaim

Concepcion counterclaims against the Association that it has wrongfully attempted to collect money (assessments) against him. He also states the persons purporting to be the Association are, in fact, not the Association. Also, because they have not held regular annual meetings or elections, they do not have the legal standing to file this case.

The Association moves to dismiss the Counterclaim because these issues belong under CV0287-19 and are compulsory counterclaims therein, and Concepcion admitted to not paying his assessments in the other case. In addition, the Association states that because Concepcion believes that certain "Does" acting as the Association are the persons or entities wrongfully pursuing Concepcion's unpaid assessments, Concepcion is asserting a third-party claim. Concepcion's Opposition responds that he has met the test under *Ukau.*

Under Guam Rule of Civil Procedure 13(a), a counterclaim is compulsory when "it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." The Court can examine the "aggregate of connected operative facts that can be handled together

conveniently for purposes of trial to determine if they were founded upon the same transaction, arose out of the same nucleus of operative facts, and sought redress for essentially the same basic wrong." *Presto v. Lizama*, 2012 Guam 24 ¶ 39. Moreover, the failure to assert a compulsory counterclaim results in precluding that counterclaim in subsequent proceedings. *Id.* ¶ 39.

CV0287-19 involves the Association's attempt to collect unremitted HOA assessments. CV0287-19 (Compl. (Mar. 21, 2019)). Concepcion admitted the Association's allegation that he "failed to timely pay assessments." CV0287-19 (Compl. ¶ 6; Answer ¶ 6 (Apr. 17, 2019)). While he also alleged affirmative defenses, he agreed to "pay in full [the] amount less interest and less generator assessment fees." CV0287-19 (Answer at 2). If Concepcion wished to challenge the Association's ability to collect against him, such issues could have and should have been alleged in that collection action, CV0287-19. They were in the same nucleus of facts at issue in CV0287-19. For that reason, any counterclaim for wrongful collection of funds was a compulsory counterclaim in the companion case and cannot properly be raised here.

### C. Motion to Strike Request for Punitive Damages

Concepcion seeks exemplary damages in his counterclaim. Answer at 6. The Association moves to strike this request because Concepcion fails to allege any facts to support a claim for punitive damages. Concepcion's Opposition does not address this issue. Because the request for damages stems from the counterclaim deemed compulsory in CV0287-19, the Court also dismisses attending requests for damages.

### III.    CONCLUSION AND ORDER

The Court GRANTS the Motion to Strike the first affirmative defense of failure to state a claim and DENIES the motion as to all other affirmative defenses. The Court GRANTS the Motion to Dismiss the counterclaim and the accompanying request for punitive damages.

SO ORDERED this 24th day of October 2022.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
_BRONZE, VAN DE VELD_
_YANZA_
Date:_____Time: _10/24/22_
**Joseph Bamba, Jr.**
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:

Jacques G. Bronze, Esq., Law Offices of Jacques G. Bronze, for Plaintiff Association for the
Apartment Owners of the Cliff

Curtis C. Van de Veld, Esq., The Vandeveld Law Offices, P.C., for Defendant Manuel I.
Concepcion

Louie J. Yanza, Esq., Law Office of Louie J. Yanza, for Defendant National Union Fire
Insurance